DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Richard A. Remines appeals from a sexual predator adjudication in the Lorain County Court of Common Pleas. This Court affirms.
On March 5, 1997, the Lorain County Grand Jury issued two indictments against Remines. The first indictment was in case number 97CR050118 and charged nine counts of corruption of a minor in violation of R.C. 2907.04(A) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). The second indictment was in case number 97CR050275 and charged Remines with three counts of gross sexual imposition in violation of R.C.2907.05(A)(4). Both cases were assigned to the same trial court judge. Remines initially pleaded not guilty to all of the charges against him, then subsequently changed his plea to guilty on August 1, 1997.
The following week, the trial court sentenced Remines in case number 97CR050118 to eight months on the first five counts of corruption of a minor, to run concurrently, and eight months on the remaining four counts of corruption of a minor. These latter four counts were to run concurrently with a two-year sentence on the tenth count of gross sexual imposition. The trial court further ordered that counts one through five were to be served consecutively to counts six through ten and that the sentence was to be served consecutive to the sentence imposed in the unrelated case number 94CR044852. On that same day, Remines was also sentenced in case number 97CR050275 to two years on each count of gross sexual imposition, with the sentence on each count to run concurrently. This sentence, however, was to be served consecutive to the sentences imposed in case numbers 97CR050118 and 94CR044852.
The trial court also conducted an August 7, 1997 sexual predator hearing and, in an entry journalized August 11, 1997, found Remines to be a sexual predator. Remines timely appeals from this order, raising three assignments of error.
 Assignment of Error No. I THE TRIAL COURT ERRED IN APPLYING AN UNCONSTITUTIONAL LAW TO THE DEFENDANT-APPELLANT AND FINDING HIM TO BE A SEXUAL PREDATOR.
 Assignment of Error No. II THE TRIAL COURT ERRED IN APPLYING AN UNCONSTITUTIONALLY VAGUE LAW TO THE DEFENDANT-APPELLANT AND FINDING HIM TO BE A SEXUAL PREDATOR.
In his first two assignments of error, Remines raises a number of constitutional arguments that this Court has previously considered. Specifically, Remines argues that R.C. Chapter 2950 violates the constitutional prohibitions against cruel and unusual punishment and retroactive and ex post facto laws, and that it is unconstitutionally vague.[1] This Court has held to the contrary. State v. Smith (Mar. 3, 1999), Lorain App. No. 97CA006904, unreported.
Remines' first two assignments of error are not well taken.
 Assignment of Error No. III THE TRIAL COURT ERRED IN FAILING TO TAKE THE MANIFEST WEIGHT OF THE EVIDENCE AS OFFERED BY THE STATE AND FOLLOW THE SEXUAL PREDATOR LAWS, AS CODIFIED, AND APPLY IT PROPERLY TO THE DEFENDANT-APPELLANT.
In his final assignment of error, Remines challenges the weight of the evidence supporting his adjudication, arguing that the state failed to satisfy its burden of proving by clear and convincing evidence that he is a sexual predator. This Court disagrees.
R.C. 2950.09(B)(1) provides that in order for a trial court to find an individual such as Remines to be a sexual predator, the court must conduct a hearing in which both the state and the defendant are given the opportunity to present evidence related to whether such a classification is appropriate. In making this determination, the trial court must consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Upon consideration of these and other relevant factors, the trial court shall determine whether an individual is a sexual predator based upon clear and convincing evidence. R.C.2950.09(B)(3). This Court has previously explained that the standard of clear and convincing evidence is satisfied if the evidence produces in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported. The clear and convincing standard requires more than a preponderance of the evidence, but does not require proof beyond a reasonable doubt. Id.
Examination of the record reveals that the evidence before the trial court clearly supports Remines' designation as a sexual predator. At the sexual predator hearing, the officer who had investigated Remines' crimes testified that Remines, thirty-three years old at the time, had had sexual relations with a fourteen-year-old female. Such relations had occurred at least nine times over an extended period of time. The officer further testified that the investigation had revealed that Remines had also committed a sex act on a six-year-old female and that he had had an eight-year-old female and a three-year-old female touch his genitalia.[2]
Although the state did not satisfy each of the statutory factors to be considered pursuant to R.C. 2950.09(B)(2), it was not required to do so; rather, the state merely had to prove by clear and convincing evidence that Remines is likely to commit one or more sexually oriented offenses in the future. The testimony received by the trial court indicated that Remines had had numerous victims ranging in age from three to fourteen years old and that he had engaged in reprehensible sexual conduct with at least one of these victims on multiple occasions. This Court has recognized that the tender age of the victims may be considered inherently indicative of a strong likelihood to reoffend:
 "[There is] overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable."
(Citations omitted.) State v. Hamilton (Apr. 14, 1999), Lorain App. No. 97CA006793, unreported, quoting State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (affirming a finding of likelihood to reoffend based upon single conviction involving four-year-old victim). There can be no doubt that the evidence presented to the trial court produced a firm belief or conviction that Remines was likely to commit one or more future sexually oriented offenses and that he should be adjudicated a sexual predator.
Remines' three assignments of error are overruled. Accordingly, the judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ DONNA J. CARR
FOR THE COURT
SLABY, P.J.
BATCHELDER, J.
CONCUR
[1] In his brief, Remines argues that the registration requirements of R.C. Chapter 2950 "serve [the] same function" as registration and identification requirements imposed upon individuals of Jewish descent in Germany in the 1930s. This Court finds this analogy fatuous.
[2] The officer also testified that Remines had been convicted for the attempted rape of a ten-year-old female. Counsel for Remines explained that an Alford plea had been entered in that case, which was also being appealed, and the trial court stated that for purposes of the sexual predator hearing, it would not consider the conviction.